**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BEVERLEY JP EDWARDS,** )<br>            **Plaintiff,** )<br>**vs.**                                                                                    )<br>                                                                                              )<br>**JOEL DUNN, et al.,**                                                          )<br>            **Defendants.**                                                    ) | **No. 3:10-CV-0145-O-BH**<br><br>**Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for pretrial management.

**I. BACKGROUND**

Plaintiff, a Texas resident, filed this action under 42 U.S.C. § 1983 against two Drug Enforcement Administration ("DEA") investigators, Joel Dunn ("Dunn") and Richard Leakey ("Leakey"). (Compl. at 1-2.) She claims that their "flagrant abuse of power" has nearly bankrupted her pharmaceutical business, threatened her medical license, and affected her "general well-being." (*Id.* at 2.) She contends that they unsuccessfully sought to have her indicted for violating the Controlled Substance Act ("CSA") and that they have withheld her "renewed DEA license by subterfuge".

Attached to the complaint is an "Order to Show Cause and Immediate Suspension of Registration".[1] (*Id.* at 2 and attached exhibit.) It shows that Plaintiff registered with the DEA as an individual practitioner of controlled substances pursuant to Registration No. BE8619667 ("original registration"). (Order to Show Cause at 1.) The original registration expired by its terms on August 31, 2009, and she timely sought to renew it on July 29, 2009. (*Id.*) Her registration continued in

---

[1] Plaintiff uses the term "license" but the DEA order uses the term "registration".

effect until she was served with the order to show cause on January 21, 2010, when it was suspended pending a final determination and a showing of why the registration should not be revoked and the pending renewal denied.  (*Id.* at 1-2.)  The order recited the DEA's preliminarily finding that Plaintiff's continued registration "constitute[d] an imminent danger to the public health and safety." (*Id.*)  It notified her that she had thirty days to either request a hearing or to submit a waiver of hearing with a written statement of her position on the factual and legal issues, and that failure to request a hearing or to appear at a hearing would be deemed a waiver of the hearing.  (*Id.* at 3.)

In her answers to a Magistrate Judge's Questionnaire ("MJQ"),[2] Plaintiff claims that during June or July 2008, Dunn asked her to voluntarily meet him at the Dallas DEA office to answer questions.  (Answer 1.)  He later came to see her with an IRS agent who obtained her hard drive for further investigation.  (*Id.*)  In October 2009, Leakey allegedly told Plaintiff that her DEA license was withheld because he and Dunn believed that she had violated the CSA.  (Answer 2.)  During their various visits, Dunn and Leakey allegedly stated that they wanted Plaintiff to "cease and desist", i.e., "shut down [her] telemedicine practice".  (Answer 1.)

Plaintiff seeks to enjoin Defendants from further acts of aggression against her.  (Compl. at 2.)  No process has been issued in this case.

## II. PRELIMINARY SCREENING

On February 19, 2010, Plaintiff was granted permission to proceed with this action *in forma pauperis*.  Consequently, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  That statute provides for *sua sponte* dismissal of the complaint or a portion thereof if it is frivolous or

---

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  ANALYSIS

Plaintiff sues two DEA investigators under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Although Plaintiff specifically invokes § 1983, that statute does not apply to federal actors. *See Williams v. Wood*, 612 F.2d 982, 984 n.1 (5th Cir. 1980). Claims of unconstitutional action by a federal actor arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); a *Bivens* action is otherwise coextensive with and indistinguishable from a § 1983 claim. *See Boyd v. Driver*, 579 F.3d 513, 515 n.5 (5th Cir. 2009); *Izen v. Catalina*, 398 F.3d

3

363, 367 n.3 (5th Cir. 2005). Because *pro se* complaints are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff.

The elements necessary to succeed on a *Bivens* claim vary depending on the constitutional provision at issue. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Plaintiff's complaint does not allege the violation of any specific constitutional right. (*See* Compl. at 1-2.) Her answers to the MJQ are also non-specific, except that she asserts a generic violation of her Sixth Amendment rights. (*See* Answers 1-2.) Because the Sixth Amendment applies only to criminal proceedings, *see United States v. Balsys*, 524 U.S. 666, 672 (1998), it is inapplicable under the facts of this case and provides no basis for a viable claim against the defendants. However, liberally construing Plaintiff's pleadings, it appears that she pursues procedural and substantive due process claims under the Fifth Amendment, which provides that no person shall "be deprived of life, liberty, or property, without due process of law."

## A. Procedural Due Process

Procedural due process requires notice and a meaningful opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). It must reasonably convey all required information and permit a reasonable amount of time for response. *Id.* Depriving a company "of its rights to dispense and receive controlled drugs without notice and a hearing" may violate due process depending on the circumstances. *Wedgewood Village Pharmacy, Inc. v. Ashcroft*, 293 F. Supp. 2d 462, 469-70 (D.N.J. 2003) (recognizing general

statement but finding no due process violation).

### 1. *Renewal*

Plaintiff alleges that her constitutional rights were violated on July 29, 2009, when the renewal of her DEA license was withheld, and in October 2009 when Leakey told her that her license had been withheld because he and Dunn believed that she had violated the CSA. (Answers 1-2.) She claims that she was entitled to automatic renewal and written notice for why renewal was withheld. (*See id.*)

A refusal by the DEA to automatically renew a registration to dispense controlled substances does not violate the Constitution. *See United Prescription Servs., Inc. v. Gonzales*, No. 8:06-CV-1977- T-30MAP, 2006 WL 3804728, at *6 (M.D. Fla. Dec. 22, 2006) (recommendation of Mag. J.) *adopted by* 2007 WL 128845 (M.D. Fla. Jan. 12, 2007). The statutes and regulations governing the application and renewal processes provide adequate notice that the processes are entirely "permissive" in nature and that "the DEA may legitimately choose to deny" a requested renewal if it concludes that the renewal is inconsistent with the public interest. *Wedgewood*, 293 F. Supp. 2d at 469-70. When Plaintiff renewed her "application with DEA for dispensing controlled substances, [she] knew or should have known that DEA would reevaluate [her] business model to determine if renewal would be inconsistent with the public interest." *United Prescription*, 2006 WL 3804728, at *6 (citing 21 U.S.C. § 823 and 21 C.F.R. §§ 1301.31 and 1301.13). Plaintiff has stated no plausible procedural due process violation stemming from withholding renewal of her DEA license.

### 2. *Show Cause Order*

Plaintiff's complaint also suggests that she intended to premise her procedural due process claim on the January 10, 2010 show cause order that temporarily suspended her DEA registration.

(*See* Compl. at 2 (attaching a copy of the show cause order and indicating that Plaintiff was unable to document her civil rights violation until January 21, 2010)).)

Due process is not violated by a temporary suspension followed by a post-deprivation hearing when quick action safeguards important governmental or public interests. *Delahoussaye v. Seale*, 788 F.2d 1091, 1095 (5th Cir. 1986). Without a prior hearing, the DEA may temporarily suspend a registration to dispense controlled substances when continued authorization may constitute an immediate danger to the public health and safety. *Cf. Maynard v. D.E.A.*, 117 F. App'x 941, 945 (5th Cir. 2004) (recognizing that States may, without violating due process, temporarily suspend a medical license when the medical practice may constitute an immediate danger to patients or the public). When a temporary license suspension "falls within the public health and safety class of due process cases . . . the Due Process Clause requires no more than adequate postdeprivation process." *Camuglia v. City of Albuquerque*, 375 F. Supp. 2d 1299, 1306 (D.N.M. 2005) (citation omitted).

Here, the show cause order was apparently hand-delivered to Plaintiff's home. (*See* Answer 3.) Personal service always complies with due process. *Mullane*, 339 U.S. at 313.[3] Additionally, the order informed Plaintiff that her registration was temporarily suspended pending final determination and that she had thirty days to request a hearing on the matter before the registration would be permanently revoked. The order conveys all required information, provides a reasonable amount of time for response, and provides for a prompt post-deprivation hearing upon request. In these circumstances, due process requirements are met. *Cf. Coward v. Gilroy*, 306 F. App'x 647,

---

[3] Regardless of the manner of service, Plaintiff undeniably received the notice before filing this action on January 27, 2010. (*See* Order to Show Cause, attached as exhibit to Compl.) Because the constitutionality of a chosen method may be defended by showing that it was reasonably certain to inform the affected party, *see Mullane*, 339 U.S. at 315, receipt of the notice shows that it was served on her in a manner that satisfies due process. By serving the show cause order on Plaintiff in accordance with the *Mullane* standards, the service was constitutionally adequate. *Maynard v. D.E.A.*, 117 F. App'x 941, 945-46 (5th Cir. 2004).

648 (2d Cir. 2009) (addressing temporary suspension of a home family care operating certificate under similar circumstances). Plaintiff has stated no plausible procedural due process violation arising from the January show cause order.

## B. <u>Substantive Due Process</u>

Plaintiff claims that Defendants violated her substantive due process rights by flagrantly abusing their power. (*See* Compl. at 2.)

Substantive due process "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citation and internal quotation marks omitted). Cases addressing specific acts of governmental officers "repeatedly emphasize[] that only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). To violate substantive due process, an "abuse of power" must "shock[] the conscience." *Id.*

Although Plaintiff alleges that Defendants abused their power, she does not allege that they acted arbitrarily. She does not allege egregious conduct on their part that would violate her substantive due process rights or conduct that shocks the conscience. Defendants essentially conducted a typical investigation of a possible CSA violation. While they may have wanted her to be indicted and to voluntarily cease and desist conduct that they believe violated the CSA, their alleged conduct did not rise to the "most egregious" level necessary to violate substantive due process. The alleged conduct may show "administrative arm-twisting" to obtain voluntary compliance with DEA directives in a highly regulated industry, but Plaintiff has not alleged that Defendants' "jawboning tactics crossed the line toward a cognizable constitutional violation, much

7

less violated one." *See United Prescription*, 2006 WL 3804728, at *3-5).  Plaintiff has stated no plausible substantive due process violation.

### IV. RECOMMENDATION

The District Court should summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for her failure to state a plausible claim upon which relief can be granted.

**SIGNED this 31st day of March, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE